We run into the third case of the morning call, 219-034 Super Mix of Wisconsin, Inc. v. Natural Gas Pipeline Company of America On behalf of the appellant, Ms. Sandra Peskarek On behalf of the appellant, Mr. John Christensen Ms. Peskarek Good morning Good morning Good morning I represent the plaintiffs who own a gravel mining and land development business in McHenry County The governing law for this inverse condemnation is the Fifth Amendment to the Constitution which provides that no property may be taken for public use without just compensation and yet that's exactly what you're going to see in this case What property was taken? We have pledged that they are asking that it will take an embankment outside of the 49.5 foot and there will be damage to the remainder because we won't be able to reclaim the lands that should be Were you fully aware of the easement when your client entered into this contract with them? So how is it that at that time, or how is it that there's a taking when you were fully aware of the easement? That was half, that's the part that the judge saw What he did not see is that when the pipeline company took the grant of easement in 1945 they took it subject to the dominant right of the mining owner to access the minerals and I can go into Schmidt and Miller right now The issue is not, the issue right now before this court is whether or not, which is an over review whether or not the various statutes of limitations, the 5 year, the 10 year, the 20 year tell us why the statutes have not been blown The U.S. Supreme Court has addressed issues here twice that show you why the statute did not run The first was Great Northern Railway where the owner granted an easement to a railway to cross the property Later the railway decided that it owned the mineral estate beneath the train tracks  The U.S. Supreme Court said that mineral rights are property rights and that they are not conveyed by a grant of easement Now to go back to what the judge in McHenry County said He said that in 1945 the owner failed to preserve the mineral rights and for that reason he triggered a statute of limitations but it didn't work that way because under Great Northern we never lost the mineral rights There was no severance at the time of the surface rights from the mineral rights, correct? That is correct Are you familiar with Credible's treatise on easements on real estate? No Well I'm just going to, I always look to Professor Credible's horn book on real estate when I have a real estate question and this is section 74 and I don't think the law has changed over time Once an easement has been placed in a location or its location fixed by the easement grant its location cannot be changed without consent of the easement owner That's under pipeline easements in Credible and that seems to be consistent with Illinois law throughout the last several decades I disagree with that Why is that? Because it does not consider mineral rights The Illinois Supreme Court has said, and I want to quote it exactly that the mineral owner could use as much of the surface of the land as may be necessary to enforce and enjoy his easement estate So the rights to get at the minerals under Schmidt, which is a second district case which says that when a mining company owns minerals on a parcel and some other person owns the surface that the mining can is dominant and the surface use is certain And there's the rub Another person owns, one person owns the surface, one person owns the mineral and here you're claiming that the defendants are asserting some type of right to the minerals and the defendants have never asserted a right to the minerals You have all the right in the world to take those minerals out And the trial court, they kind of call you out for basically misrepresenting the trial court's ruling which is at the end the trial court said the plaintiffs can mine as much as they want except they can't interfere with the pipeline That's pursuant to Section 6 of the easement So they're not asserting any mineral rights, the defendant isn't Here's what the problem is Pennsylvania Coal said that you cannot condemn minerals beneath the public streets Pennsylvania Coal explicitly reserved the rights to the minerals No, there were other parties And this is why Pennsylvania Coal has been cited by this court before It's a classic condemnation case As the mining company mined closer to the city streets, they were going to collapse So the city of Scranton said you have to put in foundations of broad pillars of coal And the U.S. Supreme Court said no, the mineral owner has the right to all of the minerals And the surface has to pay for those, but they're not going to use them But didn't, again, wasn't that a situation where there were separate mineral rights and surface rights? Right And the deed, if I'm not mistaken, reserved the mineral rights to Pennsylvania Coal They bought the mineral rights Okay, well, they bought or whatever, they reserved them So, again, we get back to here Did your client specifically in the easement reserve the right to mine the minerals? No Right The contract didn't sever the mineral rights It did not, it didn't mention them at all And in Illinois, you cannot convey mineral rights without expressly stating it If it's going to be less than the conveyance of the full fee simple absolute In our brief, we have cited a Supreme Court case that held that you don't have fewer rights as a mineral estate owner Than you do as if you owned the whole surface So what's being missed in this case, we have all the minerals We could sever it by 5 o'clock today by simply conveying the mineral estate into a related company Then we'd have a severed top and bottom But the Supreme Court says that those go together You don't lose rights by only having a mineral estate You have all of the mineral rights as you would as if you bought the simple absolute So that's why we haven't lost the minerals You could still get to the minerals, it's just going to be a little inconvenient No, not at all Because this is a 4-inch pipe and a 49-foot ditch Theoretically, let's say that they own that mineral We still have the right to not have to have a wide embankment to hold this up And there's no way, if we dug all the way to the mine floor And we held up 49.5 feet of gravel, it would collapse So it's like Pennsylvania coal We have to give them the large pillars of coal to hold this up The minute that you go outside of 49.5 feet There's a case law in Illinois, Deresa, D-U-R-E-S-A And it says that, and I want to make sure I say it correctly That the owner does not have to allow the increase of the burden of the easement without compensation So here, if you take Pennsylvania coal, if you have to have this broad support system Then you have to be paid for it, because we can't cut it off at 49.5 You're spending a lot of your time on the merits And you still have not addressed the statute of limitations Which is the basis of the court's ruling And our review here is on whether or not the court erred And whether or not the statute of limitations does not apply And that, your argument, can tell us when the cause of action occurred To answer your question, it was not triggered in 1945 Because the judge held that the owner failed to preserve the mineral right Well, he was wrong, they did have the mineral right Now we have a present condemnation As you can see, Pennsylvania coal, as they mined toward those roads It was an ongoing condemnation Let's talk about this case When did the cause of action occur? Your client was mining the property for 15 years before the cause of action was filed That's right Okay, so how does the 5-year statute, the 10-year statute, does not Why did they not apply when it was clear your client knew They would eventually get to this section of the land? Because it wasn't imminent And that's why we said starting 3 years ago We asked them to move to the boundary They have not moved So the alternative is, if they don't want to move it Then we have the right to sue for damages And it came about as we near that pipeline As Pennsylvania coal neared the public roads They're going toward it The condemnation is ongoing It was arisen in the last 3 years So if I sell or give an easement to Con Ed And they put up million-dollar power lines through my farm field Costing a million dollars And I'm farming the field Then all of a sudden I find out that there's something underneath that easement That I want I can kick them out I don't know about that case Because I don't know why they would put a million on something they don't own And in this case They do it all the time Okay, I'm not Con Ed does it all the time I mean, they don't own the farm field They get easements to go through people's property Or they condemn it But a lot of times they just get easements And then, so you're telling me If I gave them that easement I could very easily Anytime I wanted When it became profitable to me To kick them off I'm telling you what the law in Illinois is The Supreme Court says that mining is dominant Throughout all of their appearances They've always said mining is servient But that is not true The case that they cite is a driveway easement Where somebody wants to drive over somebody else's driveway And the court said The owner of that driveway is servient And he cannot interfere with the dominant use That's standard Hornbuck law What about Smith? The railroad case Right Where the court said And the defendant cited this That under Illinois law The banker conveys the easement The easement includes all things necessary To the enjoyment of the easement In that case They actually bought the underlying real estate And the owner still owned other land He sold it to some other people And they started complaining about the trains And the court said If you look at the transaction It was basically a condemnation The train bought what it wanted And like a condemnation That would have included damage to the renewal There was the railroad There was an easement No, they had a deed They owned fee simple absolute That's the reason it's different And we've cited that in our cases So we have the situation Where we are the dominant user Under Schmidt Which is a second district case And Miller v. Ridgely Which is an Illinois Supreme Court case That mining is the dominant use And as the dominant use The pipeline company Is the servient use And the servient user Cannot interfere with mining rights And the judge himself touched this He said Who can't interfere with which? Well the defendant Has said Servient can't interfere with the dominant And they claim they're servient But it's exactly the opposite for mining We have two cases One is your own court One is the Supreme Court And they tell you that mining is dominant The minute you know that It explains the law on why you can use the service So anytime mining becomes profitable I can kick someone off the easement I don't know that that's true But what I'm telling you Well that's what you're saying Because mining is always dominant And again I have a farm field And all of a sudden I find out There's something underneath there Whatever it may be That I could mine And I say Now I've got mining rights Now I own the surface I'm a servient estate for that easement But I own the surface rights Other than the easement Now I own the mineral rights So I'm dominant And I can do whatever I want I don't know what those facts are But what I'm telling you The state of Illinois says That the dominant mining user Can use so much of the surface As they need to access their minerals And I've got it here It says that Miller v. Ridgely held That the mineral owner Could use so much of the surface Of the land as may be necessary To enforce and enjoy The mineral estate The Schmidt case Which is the second district case Said that when a mining company Owns the minerals on a parcel And a second party owns the surface The surface user is servient Just as the pipeline use Is servient to us in this case The surface user Cannot interfere with mining So these people They don't own any part of the surface They have merely an easement to cross They don't have greater rights than a surface owner And they're not interfering Until you ask them to move the pipeline That's right So that they could maintain their easement We've never questioned that they have an easement We made it available along the boundary of the property It would come out exactly in the same place And they don't want to move They think that they can leave that 4 inches there forever And that's not real estate law In America Or in Illinois You still have to recognize The mineral law The mineral interest As property That's protected by the 5th amendment So the minute If you took your view of it That you just can't do it The minute you go beyond 49.5 feet You're back on your own property You own all of it And they need part of that land to hold it up You still haven't answered the question On statute of limitations When did the cause of action accrue? It occurs right now Why is that? The date of discovery? No, this is a 2619 motion But we're saying it occurs right now As we It's ongoing right now You can file your lawsuit today That's right Because we found out in the last 3 years They will not move There's no statute of limitations under these facts No statute of limitations Yes, there is Which one is it? I think it's 5 years for condemnation But they said 20 But what we did We didn't know until the last 3 years That they would not move And we think they should have moved Those pipes have got to be corroded But they want exactly that spot So And I don't want to I want to make sure I have addressed your question After we found out We brought this About 6 months later So we did it as soon as we knew That they were going to be requiring A lot more of our land You anticipated that they would just simply agree To move the pipeline After the property was acquired In the case that we cited on Badger That's what we thought Because they typically will build it In a different spot anyway And it's 74 years old made out of iron It's got to be rust by now Well there's also I mean I'm not an engineer But this would require The proposal would require A couple of 90 degree turns In that pipeline, right? It could Did your company Did your client The plaintiff Offer to pay for the movement of the pipeline? He did But not enough They wanted 3 million in cash But we believe because My client is a civil engineer Enhanced land development business That they overpriced it They wanted it in cash in advance On deposit And it was just completely unreasonable It was to make us go away You still cannot get around the fact That how are we going to build that foundation? Are they going to help us? Are they going to pay for it? We don't have any duty to provide the foundation Outside of 49 feet And in condemnation You also have right to the damage to the remainder So if this embankment Goes tinny corner all the way Through the mine You can tell you can't have redevelopment The Illinois statute On the Reclamation Act Makes it public policy To attempt to reclaim Land to an economic use Well that's going to be So they'll have to pay for damage to the remainder I want to make sure I understand one thing Does the discovery rule Apply to this situation or not? No, it doesn't It has nothing to do with it Because it's an ongoing invasion of your property Right So any discussion of the discovery rule In these briefs is just irrelevant It is irrelevant The mining might Once the mining didn't start For another 50 years Still it's going to turn on Great Northern Railway Because the mineral rights Would have to pay for it Your time is up Thank you Excuse me May it please the court Counsel, my name is John Spezia I'm here on behalf of Natural Gas Pipeline Company of America Who we usually refer to as NGPL I was looking through the materials In preparation for today's argument And I think like Every case we all ask What happened? What did NGPL Do To get Hale Into court? And before we answer that question I think it's important to keep in mind Sort of along the lines of Your questioning Justice Burkett We have to keep in mind that the trial court here Made a determination That the facts In the complaint stated the cause of action We disagreed with that But the posture We're in here today Is that The trial court Assumed the cause of action was stated For two things First, for damages That allegedly result from A limitation on the plaintiff's Use of their property As a mine The court assumed and found That the cause of action had been stated For a radical interference With the plaintiff's property rights That the inverse condemnation claim So For purposes of this appeal And the determination of the applicable Statutes of limitations The answer to the question What happened is found in the complaint So according to the complaint What did NGPL do? Paragraph 4 It obtained and recorded pipeline easements In 1945 Paragraph 8 NGPL built a pipeline 73 years Before the complaint was filed That was in 1945 Paragraph 2 NGPL operated and maintained The pipeline Quote, located within a ditch 49.5 feet wide Through the property According to the complaint Paragraph 11 The pipeline That's located within this 49.5 foot right of way Needs support Quote, high above the mine floor End quote, that's envisioned by The plaintiffs More specifically The pipeline that's present within that 49.5 foot right of way Allowed by the easement Needs According to the plaintiffs, assumed as true Needs a 160 foot Embankment to support it High above the mine floor So Paragraph 10 says It's the presence of that pipeline That's causing damage by limiting The use of the property for mining So that's it So the presence of that pipeline was there When this contract was entered into Or shortly thereafter Presumably the easement is inked And the pipeline is built Shortly thereafter According to the complaint This is the basis of what we're here for The pipeline was built in 1945 So that's it So 13 issues 12 legal principles 120 pages roughly of briefs All because The presence of a natural gas pipeline Which plaintiffs allege Exists pursuant to A voluntary conveyance of easements Properly recorded in 1994, I'm sorry 1945 And the alleged need For support of that pipeline In its present location All in compliance with The easement The argument is that this is some type of Ongoing taking Per Pennsylvania Coal So I think that Justice Burke, I think that your reading Of Pennsylvania Coal Is dead on So here's mining law If there is such a thing as mining law This is mining law in Illinois Where there is An express agreement that relates To mineral rights It needs to be interpreted And if so interpreted As providing dominant rights Then the mining rights are dominant In every one of the cases That's cited here By the plaintiffs In Pennsylvania Coal, in Schmidt, in Cooper In Miller Every one of those cases There is an express Agreement that relates to the Mining rights that the court Interprets in order to determine whether Those rights are dominant So it's almost like a separate right-of-way basically To get the stuff Look, whether this document That we call an easement Or a right-of-way agreement Whether it's interpreted as A property right, whether it's interpreted As containing Contractual covenants that relate To real property It's a contract So why not section 15 of the easement? Why doesn't that protect them? Okay, so Two things about section 15 The first is Section 15, by its very terms Applies to Damages for personal injuries Which we don't have here Damages for personal or real property Which we don't have here What's alleged here Is a restriction on use A restriction on Profits that would come from the use That's ultimately, yes I mean, that's You know, I was looking at section 15 It's quoted in the briefs Section 15 And I'm paraphrasing Arises directly or indirectly from Because of its presence So their argument is Because of the presence They're damaged Because of the presence Right? That's their argument But actually, it's not damage To the property, it's The prevention of profits Because they want to mine it, right? Or a restriction on use Okay, neither of which is covered In section 15, but let's be clear about this Okay I'd like to stand here and have the court Make a ruling that section 15 doesn't apply Because it applies only to Personal injuries or damages real property Or damages of personal property Okay, we don't have an injury We don't have a banged up tractor And there's no allegation that there's a damage to real property None, okay But, let's remember this What the trial court said is I'm going to spot you that I'll assume that you've pled a cause of action Under section 15, here's the problem The pipeline was present in 1945 Your cause of action accrued in 1945 Because under Illinois law If there was a restriction On use That restriction was known to the Quote, whole world, end quote When the easement was recorded So What the trial court said Here is, and we disagree That section 15 could even be invoked But the trial court said, even if I assume Plaintiff That section 15 is invoked I've got to look at the statute of limitations If someone was injured during the Construction of the pipeline and they never got treated They might still be injured today Unfortunately they don't have a cause of action Because it accrued At the time of the injury Here The whole world was on notice By virtue of the recording That the pipeline was present That the pipeline company had rights And importantly The whole world was on notice of section 6 And section 6 Of the easement expressly says That the grantor The landowner Cannot use the property In a manner that's inconsistent with The pipeline The plaintiffs and their predecessors and interests Knew or reasonably should have known Back in 1945 That there were restrictions on use After the conveyance Or upon the conveyance of that pipeline easement And I think Justice Burkett You pointed out That these plaintiffs have been mining for 15 years Not only have they been mining for 15 years Is there anything in the record as to what that property was doing before that? Pardon me? Is there anything in the record as to what the property was being used for before that? Was it a farming situation? The only thing that's in the record Would be what you could interpret From the easement itself Which does talk about Livestock Provisions being made for livestock I think that the inference From the easement The length of the easement Is that it was some kind of an agricultural use Either pasture or farmland Right Does the servient use Or dominant use Have any relevance here? I don't think that the servient Or dominant use Is the linchpin to this case I think that It wouldn't be relevant if the statute had run Pardon me? It wouldn't be relevant if the statute had run That's right What's relevant here is When was the statute triggered? When did the statute of limitations accrue? And if the only thing That's pled here is The presence of the pipeline Which according to their own complaint Was constructed in 1945 And if you look at the easement A person knew or reasonably Should have known that there were limitations on use What's key Is that The courts have said Particularly in the High End case The First District case Is that as soon as the plaintiff should discover some injury Here the limitation on use And the need for support For the pipeline Which anyone would reasonably assume The statute of limitations begins to run Even if The full extent of the injury Is not evident So thereby precluding The discovery rule Absolutely Precluding the Well precluding the discovery rule from being triggered now Right Yeah So if you look at The Supreme Court's decision in common Supreme Court says The statute of limitations accrues when a party Knows or reasonably should know that an injury occurred And it was wrongly caused But here's what else they say In common Once a party is on notice Or reasonably should know It's under an obligation to inquire further And if we read Common And we read the High End decision Certainly Paragraph six of the easement We can put everyone on notice That there was a limitation Maybe not the extent of the limitation But that's not the law The trial court Properly found here That these cases, these causes of action Were barred by the statute of limitations As far as Count two goes There's this brief argument about 13-120 The exception to the 40-year statute of limitations Is your argument That that only applies When there's a separate mineral estate Similar to all the case law Absolutely. In fact, that's exactly what it says So paragraph four Of section 120 Specifically says that The exception applies when there's a separate mineral rights When there's a separate Estate for minerals So it does not apply here That was not the case What about the Argument that Council makes that There's no such thing as mineral law Let's just get that out right now So there are in fact Cases that have been decided That deal with mineral rights There's no such thing as mineral law And as I said before If you look at those cases In every one of those cases There is an express agreement There's a severance at the time of the There's either a severance Or there's a reservation Of rights that specifically deals With the minerals The other thing that I want to just quickly say is The same thing is true with the Badger Pipeline case Even if the Badger Pipeline case Has been cited in the trial court Which it wasn't The Badger Pipeline case deals with a license And that license Expressly required That Badger Pipeline move its pipeline That's not present here That was a condition of the permit issued by IDOT Exactly. Not unusual for IDOT With pipelines I think one last thing That I do want to address very briefly And I think Justice Burke You touched on this before Is that there are An abundance of What I would call Rule 341 violations In this case NGPL in any party Should not have to Spend time Pointing out That here the plaintiff Has misrepresented The trial court's rulings repeatedly So the brief that was filed In this case Is replete with Allegations about what the trial court Ruled That were never made The trial court never made those rulings Allegations about what NGPL claimed NGPL has never claimed anything Here other than It just wants to quietly enjoy its easement rights NGPL never claimed That it took the Mineral rights by adverse possession It has never claimed it owns the mineral rights It has never claimed that it condemned The mineral rights It has never claimed that no damages Are ever possible under section 15 And those to me Are blatant Rule 341 violations But it is obstructing the access Pardon me? It is obstructing the access With the presence of the pipeline, isn't it? NGPL is not obstructing Access to anything So what if they go under the pipe And start digging? Look, so long as their digging Does not interfere With NGPL's quiet Enjoyment of its rights The plaintiffs retain All of those rights So did you Distinguish Schmidt versus Schmidt? Was she so heavily relied upon? We did Schmidt versus Schmidt Is once again A case where There is an express agreement That relates to the mining rights So Schmidt versus Schmidt Is a case where the court Interprets the express agreement And decides whether or not One parcel could be used To extract minerals Off another parcel And they say in that case That was not contemplated It's not probable But Schmidt is like all of the other cases Where the court is interpreting an express agreement All right Your time is up You can wrap up Just one last thing The Schmidt case does in fact involve A right of way In fact you'll see in the case  About the fact that it's less than a few inches So that's all I'll say And we're asking that this court Affirm the trial court Thank you very much Thank you You want to address that last comment That you were incorrect When on Schmidt It did involve less than a few simple I think if you read it I read it They deed it I read it last night I'm sorry but I really believe That they bought the property And that's why the court decided later That because they had bought it It was damaged to the remainder For the other owner That it had the effect of a condemnation They took everything And that really is the difference I'd also like to address what he said about We were misrepresenting About what he said That they have pled the opposite sides They are either In adverse possession And they're in hostile possession Or no they've never claimed they own it It is completely ridiculous What we have gone through on this case The same thing There are the people who said That this was a 1945 injury Well how is it an injury Because that's when they granted the easement Well how did that do anything to the minerals It didn't Well the easement runs with the land Would you agree to that It does And there was no separation of the mineral rights at the time That's right And I did want to address that The case that we have is Catlin Cole On page 8 of our reply brief It states that whether you own Only the minerals Or the fee simple title with everything You have exactly the same mineral rights So for them to keep saying it's severed It has no distinction whatsoever And furthermore They don't even own the surface Did the limitation On the use of that property Exist in 1945 When the easement was granted And the pipeline was built In McHenry County You can mine in an agriculture zone And they didn't have zoning until 1945 But was the pipe there Or anticipated being there When you entered into the contract Oh yeah it's been there since 1945 So was there a limitation On extracting mineral rights Or extracting the minerals Existent in 1945 When the pipeline was built There was no restriction There was no limitation on the use at that time So any party Taking the property With this notice of this easement Would not know that there was a limitation Of use at that time Oh I may be misunderstanding Um My clients knew about it There isn't any question they knew about it But they thought it wasn't a problem To move a 4 inch pipe that's 74 years old They also know that they had Dominant mining rights And I do want to address Schnett Because if you go back to Schnett What happened is a mineral owner Owned the surface owner Owned the top And the mineral owner used that top to build a processing plant And that was legal He got to use so much of the surfaces he wanted But later This mining operator Also owned the mineral estate On parcel 2 He dug out that coal And he came over to parcel 1 And tried to process it And the court said you have to have an agreement For example they could have had a lease They could have bought it You can't go to somebody else's property And decide you're going to run your business But they could not anticipate that happening correct Who could not The owner of the property Could not anticipate that But you could Your client or the owner Of the mineral rights had to be able To anticipate That this easement was going to Interfere with the mining rights at some point Correct Yes he understood that the 4 inch pipe Should be moved and we pointed out That's what section 15 is about And I think that this is what's getting lost here It's all by itself Section 15 said that if we ever do anything Whether it's direct And I should say They've gone all the way through there Writing it down And setting up a paragraph On section 15 I think we should probably read Word for word here What's being damaged? Pardon? What's being damaged? Section 15 talks about damaging First of all there's no personal property That's right So how is the real property being damaged? Okay The Illinois constitution improves on the 5th amendment It says any property Taken Or damaged is a condemnation So if I take your Property according to Pennsylvania You're conflating count 1 and 2 now I'm not talking about count 2 I'm talking about count 1 that is based on Section 15 How is the property being damaged? It's being damaged In that they expect us At our expense to provide them With this huge embankment And that they also should be liable For the damage to the remainder It's going to take up most of the mine To hold up a 4 inch line And that's why it's a condemnation That's why it's a condemnation Because That is the damage To property So We're back to count 2 now You can go I would just like to say That if you Look carefully at our brief We have tried to point out How it's been very difficult to respond I counted 74 objections To my brief The problem was when you strike All of the cases like Pennsylvania coal And Great Northern Which showed why the Statute of limitations didn't start to run Because the property had not been released It hadn't been given up They said you should strike all those They also wanted to strike all of the references In their brief that takes 4 inches To begin bank The reason they want that stricken out Is because they can't overcome it Even if we don't own Where the pipeline is We still own 2 feet beyond it And they cannot overcome that damage It is a condemnation And DeRosa said That you cannot increase The burden on an easement Without paying for it That's the bottom line in this case They cannot take our extra land The law in Illinois is clear You cannot expand The burden of an easement And this is not just little expansion This is going to be huge expansion And it's going to completely Stop the future development Of the property So you can't divide that Let's say we lost everything else in the case We're still being condemned For the embankment And we're being condemned for the damage to the remainder And they have never addressed that They just say they want to strike all of my I think that Your point is well taken However We're talking about the statute of limitations Not the merits here No, on the embankment Nobody knew that there would be an embankment Until now We didn't know until three years ago Because we knew then that they wouldn't move Well the minute they decided they're not going to move And it's our problem How is it our problem That they need a huge Embankment that has to come out of our land We cannot get around that They cannot get around So you can have all the objections in the world And if you look They're always saying we never claim And I wrote in my reply About three different scenarios Where they claim exactly the opposite You know We're in hostile possession We own that land for 20 years We've never claimed to own the land Yes you have I mean he even took me to task once Because I said that they were not in hostile possession He insists he's in hostile possession Well you were never in any possession So we had things like that That were calculated If he read this motion He would strike all of the cases That didn't refer to the statute of limitations But we have to look at Great Northern Because it says they didn't lose any Mineral rights in 1945 So it doesn't trigger anything Thank you I appreciate it The court would like to thank both parties For the quality of your arguments today The case will be taken under advisement A written decision will be issued in due course The court stands adjourned Thank you